The Honorable M. Olin Cook State Representative 266 South Enid Avenue Russellville, AR 72801-4534
Dear Representative Cook:
You have requested an Attorney General opinion concerning discipline of a city's police chief by the city's mayor.
You state that the mayor of a city of the first class issued a letter of reprimand to the police chief. The police chief would like to appeal his case to the city council. You have not indicated whether this city has a civil service commission.
In light of this situation, you have asked:
 (1) Does A.C.A. § 14-42-110(a)(1) give the city council the authority to override the mayor's action on a disciplinary action lesser than removal from office?
 (2) Can a city employee appeal to the city council, since he has no other appeal possibility?
 (3) Does the city council have the authority to review, reverse, or amend a mayor's reprimand of a city employee, specifically a department head?
RESPONSE
Question 1 — Does A.C.A. § 14-42-110(a)(1) give the city council theauthority to override the mayor's action on a disciplinary action lesserthan removal from office?
It is my opinion that A.C.A. § 14-42-110(a)(1) does not govern the question you have raised. It does not give the city council the authority to override the mayor's action on a disciplinary action lesser than removal from office. It addresses only the issue of the mayor's removal of department heads from office. It gives the mayor the authority to remove department heads from office, and gives the city council the authority to override such action by the mayor. It does not address the issue of lesser forms of discipline.
If the city you have described has a civil service commission for its police department, the question you have raised will be governed by the rules and regulations that have been promulgated by that commission (see
A.C.A. § 14-51-301), by the rules promulgated by the police department itself and adopted by the city council (see A.C.A. § 14-51-302), and generally by the statutes governing cities that have civil service commissions for their police departments. See generally A.C.A. §14-51-101 et seq. If the city does have a civil service commission for its police department, and if the requirements of these rules, regulations, and laws have not been complied with in connection with the discipline of the police chief about whom you have inquired, he is entitled to seek injunctive and declaratory relief through a civil lawsuit, after exhausting the administrative remedies that may be available to him under the commission's and the department's rules and regulations. See A.C.A. § 14-51-103.
If, however, the city in question does not have a civil service commission for its police department, the question will be governed by the more general state laws that govern cities that do not have civil service commissions. Under those more general laws, members of the police department will be subject to discipline by the mayor. Mayors are given the authority, under A.C.A. § 14-43-501, to discipline city employees. That statute states in pertinent part:
(b) The mayor shall:
 (1) Supervise the conduct of all the officers of the city, examine the grounds of all reasonable complaints made against them, and cause all their violations of duty or other neglect to be properly punished or reported to the proper tribunal for correction[.]
A.C.A. § 14-43-504(b)(1).
Question 2 — Can a city employee appeal to the city council, since he hasno other appeal possibility?
It is my opinion that if the city in question has a civil service commission for its police department, city employees who have been disciplined and wish to appeal the disciplinary decision must first exhaust the administrative remedies that may be available to them under the commission's rules and regulations and under any rules and regulations that have been promulgated by the police department. Employees who are aggrieved by a violation of those rules and regulations, or by a violation of the civil service commission laws, are entitled, after exhausting their administrative remedies with the commission (as may be provided in the commission's and the department's rules and regulations), to file a civil lawsuit seeking declaratory or injunctive relief.
If an employee in a city that does not have a civil service commission is disciplined by the mayor pursuant to A.C.A. § 14-43-504(b)(1), quoted above, state law does not provide for a right of appeal of this discipline to the city council. This is a matter that may be addressed by city ordinances. Such ordinances may provide for a right of appeal of the mayor's disciplinary decisions to the city council. It is my opinion that the city council has the authority to enact such provisions. Cities are empowered to enact provisions concerning municipal affairs, provided that they do not conflict with state law. See A.C.A. §§ 14-43-601, -602 (cities can exercise legislative power over "municipal affairs"); 14-42-307
(cities can exercise all powers conferred by state law that are "not contrary" to state law); 14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state"); 14-42-502 (city councils in cities of the first class have legislative power granted by state law and "not prohibited by it"). "Municipal affairs" are defined as "all matters and affairs of government germane to, affecting, or concerning the municipality or its government," except certain matters that are state affairs. See A.C.A. § 14-43-601. It is my opinion that a matter such as the discipline of city employees constitutes a municipal affair, that such a provision would not be contrary to state law, and that the city council would have the power, under its general authority to direct municipal affairs, to address such matters.
If the city has not enacted an ordinance providing for a right of appeal of the mayor's disciplinary decision to the city council, the aggrieved police chief's remedy, if any is available to him, will lie with the courts.
Question 3 — Does the city council have the authority to review,reverse, or amend a mayor's reprimand of a city employee, specifically adepartment head?
It is my opinion, as explained more fully in response to Question 2, that the question of the city council's authority to review, reverse, or amend a mayor's reprimand of a city employee, will depend upon such matters as whether the city has a civil service commission, the rules and regulations of the commission and of the police department, and city ordinances. For a discussion of this issue, see response to Question 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh